# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| James M. VanNoy, | : | |
| Plaintiff, | : | |
| | | Case No. 3:10cv00266 |
| vs. | : | |
| | | Magistrate Judge Sharon L. Ovington |
| Detective Eugene Bell, | : | (By full consent of the parties) |
| et al., | | |
| | : | |
| Defendants. | | |

## DECISION AND ENTRY

Plaintiff James M. VanNoy brings this case pro se under 42 U.S.C. §1983. He claims, in part, that Defendants subjected him to unreasonable search and seizure in violation of his rights under the Fourth and Fourteenth Amendments. Defendants are Detective Eugene Bell of the Springfield, Ohio Police Department; Police Chief Stephan Moody of the Springfield Police Department; and the City of Springfield, Ohio.

The case is before the Court upon VanNoy's Motion for Judgment on the Pleadings (Doc. #15), Defendants' Memorandum in Opposition (Doc. #18), and the record as a whole.

VanNoy alleges in his Complaint that in April 2008 Detective Bell with the help of a confidential informant purportedly purchased crack cocaine from VanNoy, but he was not arrested. Over the next four months, VanNoy remained free of arrest and no warrant for his arrest was issued and no indictment was obtained against him.

On or about July 31, 2008, Detective Bell learned from a Police Detective with the Urbana, Ohio Police Department that an informant was preparing to buy two ounces of

cocaine from VanNoy. Detective Bell went to the house where the buy was supposed to occur and waited in an unmarked car for VanNoy to arrive. VanNoy alleges that he "arrived as a passenger in a vehicle driven by his brother.... He [VanNoy] got out of the vehicle and went into the house, and remained for two or three minutes, and drove away as a passenger in the vehicle." (Doc. #4 at ¶21). Having observed these events, Detective Bell followed the vehicle in which VanNoy was a passenger. Detective Bell and other officers soon stopped the vehicle and arrested VanNoy.

VanNoy was charged in state court with one count of possession of drugs and three counts of drug trafficking. (Doc. #4 at ¶29). VanNoy filed a motion to suppress challenging the constitutionality of the vehicle stop, the search of VanNoy and the vehicle, and his arrest. During a suppression hearing, Detective Bell testified that the sole basis for the stop of the vehicle was to effectuate VanNoy's arrest "for drug trafficking offenses which had allegedly occurred three and one-half months prior on or about March 13, 2008 and April 11, 2008." (Doc. #4 at ¶27).

VanNoy alleges, "Prior to trial, [he] was acquitted of all three drug trafficking offenses...." *Id*. at ¶31. Public records confirm that the trial court dismissed the three drug trafficking charges and further reveal that a jury found VanNoy guilty of possession of powder cocaine in an amount greater than 25 grams but less than 100 grams, a third-degree felony under Ohio law. *See State of Ohio v. VanNoy*, 188 Ohio App.3d 89, 92 (2010). The trial court sentence VanNoy to a five-year term of imprisonment. *Id*.

On VanNoy's direct appeal, the Ohio Court of Appeals reversed his conviction on the ground that VanNoy's warrantless arrest violated his rights under the Fourth Amendment.

2

The Court of Appeals reasoned:

> According to the record, Detective Bell's testimony at the suppression hearing established that VanNoy was stopped in order to make an arrest for drug-trafficking offenses that had occurred several months before. Although Bell further testified that the delay was necessary to protect the identity of his confidential informant, nothing in Bell's testimony explains why the detective did not obtain an arrest warrant once he decided that he could arrest VanNoy without endangering his informant. Although VanNoy was the subject of the ongoing investigation, Bell indicated that three months had elapsed between the last alleged criminal activity and the stop. There was no suggestion that VanNoy's immediate, warrantless stop on July 31, 2008, was necessary to protect the informant, to prevent VanNoy's fleeing, or for some other urgent reason.
>
> . . . . In short, based on the evidence at the suppression hearing, the state failed to demonstrate that it was impracticable for Detective Bell to obtain an arrest warrant prior to stopping and arresting VanNoy on July 31, 2008, for drug activities occurring in March and April 2008.

188 Ohio App. 3d at 96-97.

In the present case, VanNoy seeks judgment on the pleadings based on the Ohio Court of Appeals' decision and based on the fact that the Ohio Supreme Court declined to review the State of Ohio's further appeal. VanNoy argues that all the Ohio courts "have sided with [him] due to this violation of the ... [his] rights by Detective Eugene Bell and his conduct as an officer." (Doc. #15 at 62).

"The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.... 'For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'" *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting in part *JPMorgan Chase Bank, N.A.*

*v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007).

Defendants argue that VanNoy is not entitled to judgment on the pleadings because the Ohio Court of Appeals' decision has no preclusive effect in the present case VanNoy brings under 42 U.S.C. §1983. This contention is well taken.

"Whenever a party asks a federal court '"to give preclusive effect to a state court judgment, the federal court must apply the law of the state in which the prior judgment was rendered in determining whether and to what extent the prior judgment should be given preclusive effect in a federal action.'" *Potts v. Hill*, 77 Fed.Appx. 330, 334 (6th Cir. 2003) (quoting, in part, *In re Fordu*, 201 F.3d 693, 703 (6th Cir. 1999) (other citations omitted). "Under Ohio law, 'issue preclusion precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action.'" *Potts*, 77 Fed.Appx. at 334 (quoting in part *MetroHealth Med. Ctr. v. Hoffman-LaRoche,* 80 Ohio St.3d 212, 685 N.E.2d 529, 533 (1997)). Yet for issue preclusion to apply, several circumstances must have existed at the time original litigation. In the present case, the most important circumstance is that "the party against whom [issue preclusion] is asserted was a party in privity with a party in the prior action." *Potts*, 77 Fed.Appx. at 334 (quoting *Thomspon v. Wing*, 70 Ohio St.3d 176, 637 N.E.2d 917, 923 (1994)). "To determine whether privity between parties exist[s], Ohio courts 'look behind the nominal parties to the substance of the cause to determine the real parties in interest.'" *Potts*, 77 Fed.Appx. at 334 (quoting, in part, *Fort Frye Teachers Ass'n v. State Employment Relations Bd.*, 81 Ohio St.3d 392, 692 N.E.2d 140, 144 (1998) (other citation omitted)).

VanNoy and the State of Ohio were the only parties in VanNoy's prior state criminal

case. Detective Bell was not a party and was not in privity with the State of Ohio during the criminal prosecution. The prosecutor did not represent Detective Bell and did not litigate the defenses Detective Bell raises, such as qualified immunity, in the present §1983 case. This is essentially why, "under Ohio law, a §1983 plaintiff cannot use issue preclusion against his arresting officers in evaluating the constitutionality of the arrest even if the state court that acquitted the plaintiff found that a constitutional violation took place." *Potts*, 77 Fed.Appx. at 335. Similarly, the prosecutor during VanNoy's prior criminal case did not represent the other Defendants in the instant §1983 case – Police Chief Moody and the City of Springfield – and the prosecutor did not litigate any of the defenses these Defendants may raise in the present case. Consequently, Police Chief Moody and the City of Springfield were neither a party nor in privity with a party involved in VanNoy's prior criminal case.

Accordingly, Plaintiff's Motion for Judgment on the pleadings lacks merit.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion for Judgment on the Pleadings (Doc. #15) is DENIED; and
2. The case remains pending on the docket of this Court.

March 8, 2011
    s/Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge